No: 7 7 9 6:

Court of Appeal--Parish, of Orleans.

Mrs. Elizabeth Bryant Jackson,

—vs—

J. Aaron & Co. Inc.

————————

————————

By <u>Dinkelspiel, J.</u>

————————

**7796**

469

By Dinkelpiel, J.

Plaintiff, widow of Isaac Jackson, claims that deceased while working in the employ of defendants at their warehouse in this City fell into a hatch and falling through same his side struck the side of the open hatch breaking a rib, and that as a result of said accident the said Jackson was confined to his home and was attended by the physician of defendants company until discharged as cured some weeks later.

This accident occurred on June 26th. 1917, and on the 25th day of July of the same year, he, Jackson, was discharged by Dr. May, and subsequently on October 16th. of that same year again resumed the same character of work, that of a laborer, but afterwards he was confined to his home as the result of said injury and from which injuries he died on the 16th. January, 1920.

Plaintiff further claims that she is entitled to 25% of the weekly wage due deceased, to-wit; Twelve dollars per week for three hundred weeks, or the sum of $900., and an additional sum of $100. for funeral expenses.

Exceptions filed by defendant never having been seriously pressed they answered substantially denying negligence, and asserting that Isaac Jackson had fully recovered on August 13th, 1917 from the injury received by him; had resumed work on October, 26th. 1917, and that they, defendants, had paid all compensation afforded him and all possible relief in furnishing a Doctor to attend and treat him in this illness.

Further answering, defendants deny all the other alleg--ations contained in plaintiff's petition, except that Jackson was incapacitated from work for a few weeks after the injury complained of, but he had been attended, as stated, by the Physician appointed by defendant company and had been after a few weeks treatment discharged as cured.

470

An examination of the testimony adduced on the trial of this cause by plaintiff, her daughter and Dr. Boudousquie, who had treated the deceased, Jackson, up to and just prior to his death, has been made by us.

The testiony of Dr. May, to whom Jackson had been sent for treatment by defendant company, who had made a thorough examination of his patient shows, that the sole injury was a posterior fracture of the eighth left rib, and that he treated him until the fracture was healed, discharged him in the begining of August 1917.

Dr. Derbofin who signed the death certificate which states that the man died of "undocarditis, nephritis and an endoema of the lungs", which in accordance with the testimony of Dr. Duval, undocarditis is an inflamation of the inner lung of the heart; nephritis is an inflamation of the kidneys and endoema of the lungs is a fluent in the lung tissues.

Dr. Charles W. Duval, an expert, testifed substantially, that there could be no relation from the fracture suffered by the deceased and the treatment that Dr. May had given him, and no possibility that that particular fracture and treatment could have caused death, and it was utterly impossible from his viewpoint that the man died because of improper treatment.

It is attempted by plaintiff and through the testimony of Dr. Boudousquie to prove that the injury which the deceased received at defendants warehouse was the broken rib on the right side of the body; on the contrary, Dr. May, the attending Physician, who kept a record is positive from his record and his memory, that he treated the deceased for an injury to the rib on the left side of the body, and that when he discharged him this injured rib had been thoroughly healed and knit together, and that

471

fact, to our minds, is conclusively established by the further fact that the deceased from about the middle of August until the following October worked continuously, doing the same character of hard work that he had done before, and if there were complaints during all that time it was not made known either to the superintendant of defendant company or to anyother officers thereof until he had again left the company's employ, when on being notified by plaintiff of her husband's illnes defendant again sent Dr. May for further examination, and he testifies that he found that the injury for which he had treated the patient had been absolutely cured, and he also found futkxx further, that since treating him tuberclosis had set in, but in nowise due to causes for which he, the Doctor, had treated the patient, and the other Physicians testifying in this case, in our opinion, concurred affirmatively to what Dr. May testified to.

In the case of Kohnke vs. Mo. Kowen, 105 La. Reports, 638, the Court says; " The issues involved are those of fact. It is not deemed necessary to make a detailed resuméof the testimony offered in the trial Court nor to enter further upon its decision".

It has been held by the Supreme Court, and by this Court, that; "the decision of the trial Judge who heard and saw the witnesses who was in a better position to correctly appreciate the testimony, and their findings will not be disturbed in the absence of clear showing of error." La. Digest, Vol. 1, Sec. 634.

A review of this case, both from the pleadings and the evidence, has lead us to the conclusion that the judgment of the lower Court was and is correct.

For the reasons assigned, it is ordered, adjudged and decreed, that the judgment of the lower Court be affirmed with costs of both Courts against plaintiff the Appellant.     -Judgment Affirmed-